IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| ANNE BRYANT,<br><br>         Plaintiff,<br><br>     v.<br><br>HASBRO, INC., JOHN and JANE DOES 1–12, ABC CORPORATIONS 1–7,<br><br>         Defendants. | CASE NO: 8:18-cv-01336-CEH-CPT |

**HASBRO, INC.'S DISPOSITIVE MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT**

Defendant Hasbro, Inc. ("Hasbro") respectfully moves this Court to dismiss *pro se* Plaintiff Anne Bryant's Amended Complaint, (ECF No. 17), pursuant to Federal Rules of Civil Procedure 12(b)(2) and (6).  In support of its motion, Hasbro states as follows:

**PRELIMINARY STATEMENT**

In the Amended Complaint, Plaintiff asserts claims seeking additional pension benefit and residual, reuse and secondary market payments based on twenty-first century exploitations of television programs containing music that she allegedly had a part in creating in the 1980s, just as she did in her initial complaint.  Hasbro previously moved to dismiss those claims, explaining that, even affording the complaint the most liberal construction, Plaintiff's claims were due to be dismissed because:

- Claims brought under the Employee Retirement Income Savings Act of 1974 ("ERISA") can only be asserted against plan administrators, and Hasbro does not administrate any of the retirement plans under which Plaintiff seeks to recover;

- This Court lacks *in personam* jurisdiction over Hasbro;

- The contracts from which Plaintiff's right to receive residual, reuse and secondary market payments arise require Plaintiff to pursue any claims related thereto through arbitration; and

- Those contracts expressly bar Plaintiff from pursuing her claims for secondary market payments directly.

Each of those grounds is equally applicable to the claims asserted in the Amended Complaint, which simply recycles many of the same allegations and theories that Plaintiff presented in her initial complaint.

In fact, Plaintiff has not added *any* salient factual allegations to her Amended Complaint. Instead, she has attempted to invoke new legal theories to support her claims for residual, reuse, and secondary market payments. Although Plaintiff initially based those claims on common law fraud and/or mistake, she now attempts to bring them under the auspices of the Fair Labor Standards Act (the "FLSA") and the Labor Management Reporting and Disclosure Act of 1959 (the "LMRDA"). But that bit of legal maneuvering is incapable of providing Plaintiff with a right to the relief she seeks because: (1) the FLSA only provides a statutory right to collect payments owed pursuant to the nationally mandated minimum wage, overtime requirements and equal-pay-for-equal-work requirements, and the payments Plaintiff seeks are none of those, (2) FLSA claims can only be asserted against an employee's own employer, and Plaintiff has not plausibly alleged that she is or was a Hasbro employee, and (3) LMRDA claims can only be brought against unions, and Plaintiff has not alleged that Hasbro is a union.

For these reasons, and because Plaintiff has already amended the complaint and further amendment would be futile, Hasbro respectfully requests that this Court dismiss the Amended Complaint with prejudice.

**RELEVANT BACKGROUND**

    A.    <u>Factual Allegations</u>

In the Amended Complaint (the "<u>AC</u>"), Plaintiff Anne Bryant alleges that she arranged, produced, and performed a number of musical recordings (the "Master Audio Recordings") that were featured and embodied in television programs that were originally broadcast in the 1980s. (AC ¶ 1.) Plaintiff allegedly engaged in this work as an independent contractor pursuant to contracts that she entered into with Sunbow Productions Inc. ("<u>Sunbow</u>") and Griffin Bacal Inc. ("<u>GBI</u>") (the "<u>Union Contracts</u>"). (*See id*. ¶¶ 1, 10, 16, 22–24, and accompanying footnotes, and Exhibit 1.) Although the Union Contracts are now allegedly missing, (*id.* ¶ 24 n.7), Plaintiff claims that they are incorporated-by-reference or were otherwise subject to two collective bargaining agreements ("<u>CBAs</u>") with unions of which Plaintiff was and is purportedly a member—namely, (1) the Screen Actors Guild-American Federation of Television and Radio Artists ("<u>SAG-AFTRA</u>"), and (2) the American Federation of Musicians ("<u>AFM</u>"). (*See id.* ¶¶ 2, 10, Exhibits 1, 4, 5.) Plaintiff alleges that certain provisions within the SAG-AFTRA and AFM CBAs obligated Sunbow and/or GBI (as parties to the various Union Contracts which purportedly are subject to the obligations contained within the respective CBAs) to make additional payments (*i.e.*, residual, reuse and/or secondary market payments) and concomitant contributions to certain pension funds if and when the television programs incorporating the Master Audio Recordings were subsequently exploited.[1] (*Id.* ¶¶ 1, 29.)

---

[1] Notably, the spreadsheet which purportedly lists several of the AFM Union Contracts claimed to be at issue refers to an entity referred to as "T&R," not Sunbow or GBI, as the "Payor." (*id.* Exhibit 1.) The Complaint does not include any spreadsheet listing any SAG-AFTRA Union Contracts.

Plaintiff further alleges that Hasbro may have assumed Sunbow and GBI's obligations to make the additional payments and pension contributions required by the CBAs through a contract that Hasbro entered into with Sunbow (and several other parties) in 1988.[2] (*Id.* ¶¶ 22–23, 25–29, Exhibit 2.) The Amended Complaint appears to allege that Hasbro then transferred the rights to the television programs incorporating the Master Audio Recordings to other parties (*e.g.*, TV Loonland), relieving itself of the obligation to make any additional payments or pension contributions for exploitations of the television programs until it reacquired the rights to the television programs in 2009. (*See id.* ¶¶ 30–31.)

Finally, Plaintiff appears to allege that the television programs incorporating the Master Audio Recordings were broadcast domestically from October 2011 until sometime in 2014 on a television network dubbed "The HUB," and internationally at other unspecified times and places since at least 2009, but that she has not received the full amount of the residual, reuse and secondary market payments owed to her based on those broadcasts, (*see generally*, *id.* ¶¶ 18, 33–42).

Based on those alleged underpayments, Plaintiff brings claims under three federal statutes, specifically: ERISA, the FLSA and the LMRDA.

## ARGUMENT

### I. ALL OF PLAINTIFF'S ERISA CLAIMS MUST BE DISMISSED

A. <u>Plaintiff Fails to Allege the ERISA Plan that Confers a Right to Benefits</u>

As an initial matter, the Complaint does not even specify the ERISA plans or terms pursuant to which Plaintiff is seeking to recover benefits. That alone is an adequate basis for dismissing Plaintiff's ERISA claims. *Whipple v. Safetouch, Inc.*, No. 3:16-CV-1577-J-

---

[2] Notably, the AC demonstrates that GBI was not a party to the 1988 contract, so it is not clear on what basis Plaintiff is alleging that Hasbro assumed GBI's purported payment obligations. (*See id.* ¶ 23, Exhibit 2.)

4

39JRK, 2018 WL 1902887, at *5 (M.D. Fla. Jan. 31, 2018), *report and recommendation adopted*, No. 3:16-CV-1577-J-39JRK, 2018 WL 1902892 (M.D. Fla. Mar. 1, 2018) (holding that plaintiff's complaint "fail[ed] to pass muster because it does not identify a specific plan term that conferred a benefit"); *Gould v. Univ. of Miami*, No. 16-25233-CIV, 2017 WL 4155479, at *8 & n.7 (S.D. Fla. Sept. 19, 2017) (dismissing ERISA claims because plaintiff "failed to set forth allegations pertaining to each plan in a manner that makes clear which plans the [p]laintiff contends he . . . [is] entitled to participate"); *Sanctuary Surgical Ctr., Inc. v. UnitedHealth Grp., Inc.*, No. 10-81589-CIV, 2013 WL 149356, at *3 (S.D. Fla. Jan. 14, 2013) ("[A] plaintiff who brings a claim for benefits under ERISA must identify a specific plan term that confers the benefit in question." (Citation omitted)).

B.   <u>Hasbro is Not a Proper Defendant</u>

Plaintiff's ERISA claims also must be dismissed because Hasbro is not a proper party defendant. Construing the Amended Complaint liberally, Plaintiff's claims to recover unpaid pension benefits appear to be brought pursuant to ERISA section 502, which allows a plan participant or beneficiary to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan[.]" 29 U.S.C. 1132(a)(1)(B). But the Eleventh Circuit has long held that such claims only can be asserted against the party that controls the administration of the plan. *Hamilton v. Allen-Bradley Co.*, 244 F.3d 819, 824 (11th Cir. 2001); *Garren v. John Hancock Mut. Life Ins. Co.*, 114 F.3d 186, 187 (11th Cir. 1997); *Rosen v. TRW, Inc.*, 979 F.2d 191, 193–94 (11th Cir. 1992). Because Hasbro does not (and is not alleged to) control the administration of any plan under which Plaintiff appears to be claiming a right to benefits, Plaintiff's ERISA claims must be dismissed.

Plaintiff alleges that she is seeking pension benefits from ERISA plans associated with the SAG-AFTRA and AFM unions, but fails to allege that Hasbro is responsible for distributing benefits, making claims determinations, or otherwise administrating those plans. Indeed, it is entirely implausible that Hasbro would administer pension plans that pay benefits to all of the actors and musicians across the country that are members of the SAG-AFTRA and AFM unions even though the overwhelming majority of those actors and musicians have no connection whatsoever to Hasbro.

A look at the ERISA pension plans to which contributions must be made under the relevant SAG-AFTRA and AFM CBAs[3] confirms that fact.[4] The Screen Actors Guild Producers Pension Plan is administered by a Board of Trustees, which is comprised of thirty-six members, eighteen of whom are designated "Union Trustees," and eighteen of whom are designated "Producer Trustees."  (Gorkin Decl. Exhibit C at 2 "Board of Trustees".)   Claims determinations are made by Plan Trustees, *i.e.*, signatories to the Trust Screen Actors Guild-Producers Pension Plan Trust Agreement, in conjunction with members of the Benefits Committee.  Similarly, the AFM and Employers' Pension Plan is administered by a Board of Trustees, who are designated pursuant to the Agreement and Declaration of Trust establishing the American Federation of Musicians and Employers' Pension Plan.  (Gorkin Decl. Exhibit D at 1 "Introduction".)  Because Hasbro is not (and is not alleged to be) the

---

[3] Although the Amended Complaint does not identify the specific ERISA plans under which Plaintiff is seeking benefits, the 2014 SAG-AFTRA Television Agreement and the AFM Basic Theatrical Motion Picture Agreement of 2002, portions of which are attached to the AC, suggest that the Screen Actors Guild Producers Pension Plan and AFM and Employers' Pension Plan are the ERISA plans pursuant to which Plaintiff is seeking pension payments.  (*See* Declaration of Russell T. Gorkin in Support of Defendant Hasbro, Inc.'s Dispositive Motion to Dismiss the Amended Complaint ("Gorkin Decl."), Exhibits A, B.)

[4] The Court may consider the pension plan documents because Plaintiff's claims rely on the terms contained therein to succeed and because they are "incorporated into the Complaint by reference." *Brady v. Postmaster Gen., U.S.P.S.*, 521 F. App'x 914, 916 (11th Cir. 2013) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

administrator of any of the plans under which Plaintiff is purportedly owed benefits, Plaintiff's ERISA claims against it must be dismissed.[5]

### C. Plaintiff Has Not Alleged an Adverse Employment Action to Support a Claim Under 29 U.S.C. § 1140

The Amended Complaint also cites ERISA section 510, even though it does not provide a basis for invoking that section. (AC ¶¶ 4, 6.) Nevertheless, to the extent Plaintiff is attempting to assert a claim under section 510, it is clear that claim should be dismissed, as well.

Section 510 makes it unlawful for an employer "to discharge fine, suspend, expel, discipline, or discriminate against a [benefit plan] participant . . . for the purpose of interfering with the attainment of any right to which such participant may become entitled." 29 U.S.C. § 1140. To establish an ERISA claim under this section, "an employee must show that he: (1) was entitled to ERISA protection; (2) was qualified for his position; and (3) was discharged [or otherwise adversely treated] under circumstances that give rise to an inference of discrimination." *Liebman v. Metro. Life Ins. Co.*, 808 F.3d 1294, 1300 (11th Cir. 2015).

Plaintiff has failed to allege a particular position for which she was qualified, or that Hasbro took any adverse employment action against her. Indeed, she has not even alleged that she is or was an employee of Hasbro. Accordingly, to the extent the Amended Complaint could even be construed as asserting a claim under ERISA section 510, that claim also must be dismissed.

---

[5] To the extent Plaintiff's Complaint can be construed as also asserting an ERISA claim for equitable relief under § 1132(a)(3), that claim must be dismissed as duplicative of Plaintiff's claim under § 1132(a)(1)(B). *Katz v. Comprehensive Plan of Grp. Ins.*, 197 F.3d 1084, 1088 (11th Cir. 1999) (citing *Varity Corp. v. Howe*, 516 U.S. 489, 514 (1996)).

D.  Plaintiff Lacks Statutory Standing to Assert a Claim under 29 U.S.C. § 1145

Plaintiff also appears to attempt to assert an ERISA claim against Hasbro for delinquent contributions pursuant to 29 U.S.C. § 1145. (AC ¶ 2 & n.3.) But such claims can only be brought by plan fiduciaries, not plan participants. *Moore v. AFTRA*, 216 F.3d 1236, 1243–46 (11th Cir. 2000). Because Plaintiff does not allege that she is a plan fiduciary, she lacks statutory standing to assert this claim, and it also must be dismissed.

E.  Plaintiff's ERISA Claims are Barred by the Doctrine of Laches

Plaintiff's ERISA claims are also barred by the equitable doctrine of laches. Laches bar a claim when the Plaintiff has: (1) delayed in asserting a right or a claim; (2) the delay was not excusable; and (3) there was undue prejudice to the defendant. *Venus Lines Agency, Inc. v. CVG Int'l Am., Inc.*, 234 F.3d 1225, 1230 (11th Cir. 2000). It is well-settled under federal law that the laches period begins to run when the plaintiff "knew or, in the exercise of reasonable diligence, should have known" of the cause of action. *See Studiengesellschaft Kohle mbH v. Eastman Kodak Co.*, 616 F.2d 1315, 1326 (5th Cir. 1980).[6]

First, Plaintiff has delayed for at least fourteen years in asserting her alleged right to recover allegedly deficient pension benefits that she believes she is owed as a result of her performances on the Master Audio Recordings. Indeed, as early as 2004 she demanded that SAG-AFTRA and AFM institute arbitrations so that she could recover benefits purportedly owed based on exploitations of the Master Audio Recordings. (Gorkin Decl. Exhibit E at 10 ¶ 13.[7])

---

[6] Decisions by the former Fifth Circuit issued before October 1, 1981, are binding as precedent in the Eleventh Circuit. *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

[7] In *Bryant v. American Federation of Musicians of the U.S. and Canada, et al.*, Plaintiff sought to force SAG-AFTRA and AFM to produce the Union Contracts so that she could attempt to pursue litigation against her former business partner who allegedly substituted his own name in the place of Plaintiff's on the Union Contracts, thereby diverting Plaintiff's residual, reuse and pension benefits to himself. That suit was eventually

Second, Plaintiff's delay is inexcusable since there is no reason why Plaintiff could not have initiated a formal legal action to assert her ERISA claims in the intervening fourteen years. Indeed, by Plaintiff's own admission, she initiated another action against Hasbro as early as 2007. (AC ¶ 34 n.9.)

Third, Plaintiff's delay has unquestionably prejudiced Hasbro. Plaintiff alleges that Hasbro did not reacquire the rights to distribute the entertainment properties incorporating the Master Audio Recordings, thereby triggering its alleged obligation to make pension benefit payments, until 2009. (*Id.* ¶¶ 30–31.) Had Plaintiff not delayed in bringing an action to recover the alleged deficient pension payments that she was aware of since at least 2004, Plaintiff's claims could have been resolved prior to Hasbro reacquiring those properties, or could have impacted Hasbro's decision to reacquire and the price it paid to do so. At the very least, Hasbro would have been aware of this issue when it re-acquired the distribution rights to those properties. Because Plaintiff inexcusably waited fourteen years to assert her ERISA claims, and that delay has resulted in prejudice to Hasbro, she is barred by the doctrine of laches from pursuing them now. *Preston v. Am. Fed'n of Television & Radio Artists*, No. 90 CIV. 7094 (RJW), 2002 WL 1009458, at *3 (S.D.N.Y. May 16, 2002), *aff'd*, 63 F. App'x 536 (2d Cir. 2003) (holding as a matter of law that ten-year delay in asserting ERISA claim for AFM plan benefits was barred by laches).

---

dismissed. *Bryant v. Am. Fed'n of Musicians of the U.S. & Canada*, No. 14-CIV-2598-PAC-HBP, 2015 WL 7301076, at *4 (S.D.N.Y. Nov. 18, 2015), *aff'd*, 666 F. App'x 14 (2d Cir. 2016). This Court may consider the pleadings in that case because they are incorporated into the Amended Complaint through the references to Plaintiff's unsuccessful attempts to procure the Union Contracts from SAG-AFTRA and AFM, allegations that are made to explain why Plaintiff is unable to produce the Union Contracts which purportedly set forth her right to the payments she is seeking. (AC ¶ 24 n.7). *See Brady*, 521 F. App'x at 916.

## II. THIS COURT LACKS PERSONAL JURISDICTION OVER HASBRO

The Amended Complaint also must be dismissed because this Court lacks *in personam* jurisdiction over Hasbro.[8]

A court must dismiss an action for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) when the plaintiff fails to plead facts sufficient to establish a *prima facie* case of jurisdiction over the non-resident defendant. *See Virgin Health Corp. v. Virgin Enters. Ltd.*, 393 F. App'x. 623, 625 (11th Cir. 2010); *Smith v. Trans–Siberian Orchestra*, 689 F. Supp. 2d 1310, 1313 (M.D. Fla. 2010). Courts undertake a two-part analysis to determine whether personal jurisdiction exists over an out-of-state defendant: "[f]irst, the court must determine whether the plaintiff has alleged sufficient facts to subject the defendant to the forum state's long-arm statute. Second, if the court determines that the forum state's long-arm statute has been satisfied, the court must then decide whether the exercise of jurisdiction comports with the Due Process Clause of the Fourteenth Amendment to the United States Constitution." *Hinkle v. Cont'l Motors, Inc.*, 268 F. Supp. 3d 1312, 1319 (M.D. Fla. 2017) (internal citations omitted).

General jurisdiction under Florida's long-arm statute arises when a nonresident defendant "is engaged in substantial and not isolated activity within this state . . . ." Fla. Stat. § 48.193(2). In other words, the nonresident defendant's activities must be "extensive and pervasive, in that a significant portion of the defendant's business operations or revenue

---

[8] Allowing Plaintiff to artificially manufacture personal jurisdiction over Hasbro in Florida through ERISA's jurisdictional provisions (*i.e.*, 29 U.S.C. § 1132(e))—when Plaintiff's ERISA claims were not properly asserted against Hasbro in the first place, *supra* Sections I.B–I.D—would violate the protection afforded to Hasbro by the Due Process Clause, since Hasbro could not reasonably anticipate that ERISA provisions would be used to hale it into court in Florida. *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1267 (11th Cir. 2010) (explaining the "heart" of the protection afforded by the Due Process Clause is "fair warning"). Accordingly, the Court must analyze whether another basis exists to assert *in personam* jurisdiction over Hasbro with respect to Plaintiff's remaining claims.

derived from established commercial relationships in the state." *Trs. of Columbia Univ. In City of N.Y. v. Ocean World, S.A.*, 12 So. 3d 788, 793 (Fla. Dist. Ct. App. 2009) (internal citations omitted).

To establish specific jurisdiction, "the complaint must allege a cause of action arising from" an act in Florida as contemplated by the long-arm statute. *Hinkle*, 268 F. Supp. 3d at 1322 (internal quotation marks omitted). This requires a showing of some direct affiliation, nexus, or substantial connection between the cause of action and the defendant's activities in this state. *Sun Tr. Bank v. Sun Int'l Hotels, Ltd.*, 184 F. Supp. 2d 1246, 1269 (S.D. Fla. 2001).

Plaintiff attempts to tie Hasbro—a multinational corporation incorporated and headquartered in Rhode Island, (AC ¶¶ 15, 21)—to Florida by alleging that Hasbro registered to do business in Florida, maintains staff and a "Latin American base" in Florida, licenses intellectual property for use in Florida, and that people who live in Florida purchase its products, (AC ¶¶ 7, 9). Such allegations fall woefully short of the standard required for this Court to exercise general personal jurisdiction over Hasbro. *Hinkle*, 268 F. Supp. 3d at 1327 ("Although [defendants] have sales agents here and have registered to do business here, that alone is insufficient to confer jurisdiction."). Indeed, if simply registering to do business, employing an unspecified number of people, and licensing intellectual property for use in Florida were sufficient, almost every non-resident corporation would be subject to suit in this state.

Plaintiff also has not established that Hasbro is subject to specific jurisdiction in Florida. Plaintiff has not pleaded any facts sufficient to show that any of Plaintiff's causes of

action arose from any act by Hasbro in Florida. Thus, there is no basis for Plaintiff to assert specific jurisdiction under Florida's long-arm statute. *Sun Tr. Bank*, 184 F. Supp. 2d at 1269.

Because Plaintiff has failed to allege facts sufficient to establish a *prima facie* case of either general or specific personal jurisdiction over Hasbro, the action must be dismissed.[9]

## III.  PLAINTIFF'S FLSA CLAIMS MUST BE DISMISSED

Plaintiff's FLSA claims also must be dismissed because (i) the FLSA does not create a statutory right to the type of payments Plaintiff is seeking, (ii) Plaintiff has not alleged that she is or was an employee of Hasbro, a necessary element of any FLSA claim, and (iii) the doctrine of judicial estoppel bars her from even attempting to assert that she is or was an employee of Hasbro.

### A.  The FLSA Does Not Provide a Right to the Relief Sought

The FLSA provides a statutory basis for employees to assert claims for unpaid minimum wages, overtime compensation, or pay that is less than that paid to employees of the opposite sex for the same work. 29 U.S.C. §§ 206, 207, 216(b); *see Rutherford Food Corp. v. McComb*, 331 U.S. 722, 727 (1947) (explaining overtime and minimum wage protections were the method chosen by Congress to address "subnormal labor conditions"); *Cty. of Wash. v. Gunther*, 452 U.S. 161, 184 (1981) (explaining Equal Pay Act amended FLSA). It does not provide a cause of action for other alleged payment shortcomings.

The Amended Complaint does not allege that Plaintiff did not receive nationally mandated minimum wages, overtime, or equal pay for equal work. Plaintiff simply alleges

---

[9] The Court need not reach the due process inquiry because Plaintiff has failed to allege facts sufficient to subject Hasbro to personal jurisdiction under Florida's long-arm statute. *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1275 n.15 (11th Cir. 2009). Nevertheless, it is also clear that asserting general jurisdiction over Hasbro would be unconstitutional since Hasbro is not "at home" in Florida. *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014) (holding general personal jurisdiction can be exercised over a corporate entity only in the forum in which the entity is "at home," *i.e.*, its place of incorporation or principal place of business).

that she has not received additional payments that she believes she is owed pursuant to terms set forth in certain CBAs. (*E.g.*, AC ¶ 2.) But the FLSA does not provide a statutory right to such payments. Accordingly, Plaintiff's claims under the FLSA must be dismissed.

### B. Plaintiff Fails to Allege that She Was an Employee of Hasbro

It is beyond cavil that an employee asserting a claim under the FLSA must allege that she is or was an employee *of the defendant*. See 29 U.S.C. § 203(d) (defining "employer" "in relation to [the] employee"). In other words, a plaintiff cannot bring an action for unpaid minimum wages or overtime compensation against any entity, but only against his or her own employer. *See Scantland v. Jeffry Knight, Inc.,* 721 F.3d 1308, 1311 (11th Cir. 2013) (explaining that the plaintiff must demonstrate an employment relationship with the defendant to bring a claim under the FLSA).

In the Amended Complaint, Plaintiff alleges that she is a "professional employee" but fails to allege that she is or was an employee *of Hasbro*. In fact, other allegations included in the Amended Complaint demonstrate that Plaintiff was not an employee of Hasbro. For instance, Plaintiff alleges that she created the works for which she now seeks additional payments pursuant to arms-length contractual arrangements that she entered into not with Hasbro, but with completely separate entities.[10] (AC ¶¶ 22–23 & n.7.) Indeed, Plaintiff alleges that Hasbro only later acquired the rights to license and distribute the Master recordings through subsequent transactions with those entities, allegations completely at odds with the contention that Plaintiff created the Master Audio Recordings while employed by

---

[10] Plaintiff could not even assert FLSA claims against those entities, since independent contractors lie outside of the FLSA's ambit. *Scantland*, 721 F.3d at 1311.

Hasbro.  (*Id.* ¶¶ 25–31.)  Because Plaintiff has failed to allege that she is or was a Hasbro employee, her FLSA claims against Hasbro must be dismissed.

        C.      <u>Judicial Estoppel Prevents Plaintiff From Alleging that She Is or Was a Hasbro Employee</u>

Plaintiff should be judicially estopped from attempting to amend her complaint to allege that she is or was an employee of Hasbro in order to save her FLSA claims.

"Stated simply, the doctrine of judicial estoppel rests on the principle that absent any good explanation, a party should not be allowed to gain an advantage by litigation on one theory, and then seek an inconsistent advantage by pursuing an incompatible theory." *Slater v. U.S. Steel Corp.*, 871 F.3d 1174, 1180-81 (11th Cir. 2017) (internal quotation marks omitted).  The Eleventh Circuit "employs a two-part test to guide district courts in applying judicial estoppel: whether (1) the party took an inconsistent position under oath in a separate proceeding, and (2) these inconsistent positions were calculated to make a mockery of the judicial system." *Id.* at 1181 (internal quotation marks omitted).  For purposes of judicial estoppel, the second element is established when the contradiction was purposeful, *i.e.*, when it was not the result of simple "inadvertence or mistake." *Id*. (citation omitted).

In *Bryant v. Commissioner of Social Security, et al.*, Case No. 14-cv-5764-LTS (S.D.N.Y.), Plaintiff asserted a claim for copyright infringement against Hasbro for the unauthorized use of the Master Audio Recordings.  In support of that claim, Plaintiff averred, under oath, that

> Plaintiff was not an employee of Sunbow Productions or its affiliated ad agency Griffin Bacal Inc, (Hasbro's 'Privies'); **nor was Plaintiff an employee of Defendant Hasbro**.  As such, the written agreement controls the work-for-hire claim by Sunbow Productions, and provides the terms.  Indeed, if Plaintiff were an employee of Hasbro or one of Hasbro's *'Privies,'* there would be no need for a written agreement providing payment terms."

14

Gorkin Decl. Exhibit F, at ECF No. 100-1 at 16 ¶ 10 (bold added, italics in original).[11] It is clear this contradictory allegation was made purposefully. Thus, to the extent Plaintiff seeks leave to amend her complaint to allege that she is or was an employee of Hasbro in an attempt to save her FLSA claims, this Court should judicially estop her from doing so.[12]

## IV.  PLAINTIFF'S LMRDA CLAIMS MUST BE DISMISSED

Plaintiff's claims under the Labor Management Reporting and Disclosures Act, 29 USC §§ 401–531, also must be dismissed because Hasbro is not a proper party defendant.

The LMRDA protects members of labor organizations from reprisal for the exercise of a member's right to express any views, arguments, or opinions, in appropriate circumstances. 29 U.S.C. § 411(a)(2); *see United Steelworkers of Am., AFL-CIO-CLC v. Sadlowski*, 457 U.S. 102, 112 (1982). Because it only governs the relationship between a union and its members, it only allows union members to assert causes of action against "labor organization[s] as defined in § 3(i) of the LMRDA." *Russell v. Norandal USA, Inc.*, No. CV92-PT-1490-M, 1993 WL 388638, at *8 (M.D. Ala. May 17, 1993) (citing *Miller v. Holden*, 535 F.2d 912 (5th Cir. 1976)[13]); *Gregoire v. Lucent Techs., Inc.*, No. 6:03-cv-251-Orl-31KRS, 2005 WL 8159856, at *10 (M.D. Fla. Jan. 26, 2005) (collecting cases holding that LMRDA claims can only be asserted against labor organizations).

---

[11] The Court may take judicial notice of the fact that Plaintiff has made inconsistent allegations in that proceeding. *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) ("[A] court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." (citation omitted)).

[12] Even if Plaintiff had stated a cause of action recognized under the FLSA (she has not), and Hasbro was a proper party defendant (it is not), the statute of limitations would bar Plaintiff's claims to recover any allegedly deficient wage payments more than two years prior to the filing of the instant lawsuit. 29 U.S.C. § 255.

[13] *Bonner*, 661 F.2d at 1207 (holding decisions of Fifth Circuit issued before October 1, 1981, binding as precedent in the Eleventh Circuit).

Plaintiff has not alleged that Hasbro is a labor union, and acknowledges that Hasbro is a Rhode Island corporation that is primarily engaged in the multi-media entertainment business. (AC ¶¶ 15–16). Because Hasbro is not a labor union, Plaintiff's claims asserted under the LMRDA must be dismissed.[14]

## V.    PLAINTIFF'S CLAIMS MUST BE SUBMITTED TO ARBITRATION

Even if Plaintiff had sufficiently pleaded her claims, they would still need to be dismissed because Plaintiff is required to pursue them through arbitration.

The Federal Arbitration Act ("FAA") provides that "[a] written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "Section 2 is a congressional declaration of a liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary." *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24 (1983); *Walthour v. Chipio Windshield Repair, LLC*, 745 F.3d 1326, 1329 (11th Cir. 2014). Dismissal of claims that are subject to arbitration is appropriate. *Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1379 (11th Cir. 2005) (affirming dismissal of action where all claims were referable to arbitration).

Plaintiff's claims for residuals arise out of the obligations set forth in the SAG-AFTRA CBA, which are incorporated into the underlying SAG-AFTRA Union Contracts. The SAG-AFTRA CBA contains a valid and enforceable arbitration provision, which states

---

[14] Plaintiff's LMRDA claims also should be dismissed because citing to approximately one-hundred twenty statutory sections does not provide Hasbro with "fair notice of what the claim is and the grounds upon which it rests." *LaCroix v. W. Dist. of Ky.*, 627 F. App'x 816, 818 (11th Cir. 2015). Thus, those claims fail to satisfy the pleading requirements imposed by Rule 8 of the Federal Rules of Civil Procedure.

16

that "all disputes arising under the applicable terms of the collective bargaining agreement relating to such performer" must be submitted to arbitration by SAG-AFTRA on the performer's behalf. (Gorkin Decl. Exhibit A at 150 ¶ 50(c); *see also id.* ¶ 50(f) (providing the procedure that must be followed "[w]henever any dispute arises which is arbitrable under the provisions of" the CBA).[15]  Likewise, Plaintiff's claims for AFM reuse and secondary market payments are also subject to arbitration. *Garrett v. Am. Fed'n of Musicians of U.S. & Canada*, No. 75-1135, 1978 WL 1568, at *1 n.1 (D.S.C. Feb. 14, 1978) ("Pursuant to the AFM by-laws, contracts for musical performances by AFM members provide for arbitration of all disputes.").[16]  Indeed, Plaintiff seems to be aware that her claims for allegedly unpaid residuals, reuse and secondary market payments must be pursued through arbitration. (Gorkin Decl. Exhibit E at 12, 18 ¶¶ 13, 19 (initiating grievance procedure at both unions in 2004, and expressing disappointment that they had not commenced arbitration proceedings on her behalf to enforce her alleged rights under the Union Contracts).)  Because the operative contracts under which Plaintiff's claims for residual, reuse and secondary market payments arise require those claims to be submitted to arbitration, Plaintiff's claims must be dismissed for this reason, as well.[17]  *Caley*, 428 F.3d at 1379.

---

[15] Plaintiff has selectively omitted the arbitration provision from the portions of the 2014 SAG-AFTRA CBA that she attached to the Amended Complaint, despite the fact that Hasbro cited to it in its initial motion to dismiss. (*See* ECF No. 15 at 19 and accompanying exhibits.)

[16] As evident from the date of the opinion in *Garrett*, the obligation to arbitrate all disputes arising from an AFM Union Contract has existed at least since 1978, well before Plaintiff created the Master Audio Recordings. Plaintiff should not be allowed to escape the obligation to arbitrate that is set forth in the Union Contracts based on her alleged inability to produce any of them.

[17] In addition to the reasons stated *supra*, Plaintiff's ERISA claims also must be dismissed because Hasbro's obligation to make pension payment contributions also arise from the relevant CBAs, and therefore disputes related to such contributions must be pursued through arbitration, as well.

## VI. PLAINTIFF'S CLAIMS FOR FMSMF PAYMENTS ARE CONTRACTUALLY BARRED

Plaintiff's claims for Film Musicians Secondary Markets Fund ("FMSMF") payments also must be dismissed because Plaintiff is contractually barred from bringing such claims. Plaintiff is not a party to the agreement that requires parties to make contributions to the FMSMF, which the FMSMF then distributes to musicians; she is simply a third-party beneficiary of that agreement. (*See generally*, Gorkin Decl. Exhibit B at 105 ¶ 2(a), *see also* AC ¶¶ 32–36 (stating that Hasbro makes payments/contributions to the FMSMF, which then distributes those payments/contributions to Plaintiff).) The FMSMF Agreement prohibits musicians from directly asserting a claim for benefits against companies that contribute to the FMSMF. Rather, under the Agreement, only the Plan Administrator may commence an action to collect contributions owed to the FMSMF. (Gorkin Decl. Exhibit B, at 108 ¶¶ 3(a)–(b) (stating, in relevant part, that "[n]othing contained herein shall create any cause of action in favor of any musician . . . but the Federation may enforce distribution of the musicians' share . . . on behalf of the individual musicians").[18] Accordingly, Plaintiff's claims for FMSMF payments must be dismissed. *Smith v. Rainey*, 747 F. Supp. 2d 1327, 1341–42 (M.D. Fla. 2010) (relying on *Networkip, LLC v. Spread Enters., Inc.*, 922 So. 2d 355, 359 (Fla. Dist. Ct. App. 2006) to dismiss claims brought by third-party beneficiary of contract based on provision stating that "[t]his contract shall not be construed as providing any enforceable right to any third-party").

---

[18] Once again, Plaintiff strategically omitted the page of the FMSMF Agreement that she attached to the Amended Complaint, despite the fact that Hasbro cited to it in its initial motion to dismiss the complaint. (*See* ECF No. 15 at 20 and accompanying exhibits.)

## **CONCLUSION**

For the foregoing reasons, Hasbro respectfully requests that the Court grant its motion to dismiss the Amended Complaint, and deny any attempt to further amend the Complaint.

## **LOCAL RULE 3.01(g) CERTIFICATION**

Counsel for Hasbro has conferred with Plaintiff (who is acting *pro se*) regarding this motion and confirmed that Plaintiff opposes the relief sought herein.

Dated: October 31, 2018                                  Respectfully submitted,

*s/ Russell T. Gorkin*
Russell T. Gorkin, Esq.
PROSKAUER ROSE LLP
Evelyn Y. Pang, Esq.
Eleven Times Square
New York, NY 10036
Telephone: (212) 969-3000
Facsimile: (212) 969-2900
rgorkin@proskauer.com
epang@proskauer.com

*s/ Matthew Rochman*
Matthew Triggs, Esq.
Florida Bar No. 0865745
Matthew Rochman, Esq.
Florida Bar No. 84615
PROSKAUER ROSE LLP
2255 Glades Road, Suite 421-A
Boca Raton, Florida 33431
Telephone: (561) 241-7400
Facsimile: (561) 241-7145
mtriggs@proskauer.com
mrochman@proskauer.com

*Counsel for Defendant Hasbro, Inc.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 31, 2018, I electronically filed the foregoing document, the Declaration of Russell T. Gorkin in Support of Defendant Hasbro, Inc.'s Dispositive Motion to Dismiss Plaintiff's Amended Complaint, and the exhibits annexed thereto, with the Clerk of the Court using CM/ECF system. I also certify that the foregoing document, the Declaration of Russell T. Gorkin in Support of Defendant Hasbro, Inc.'s Dispositive Motion to Dismiss Plaintiff's Amended Complaint, and the exhibits annexed thereto, are being served this day on the *pro se* Plaintiff via email at annebryantmusic@mac.com, and via U.S. Mail at the New York P.O. Box address below. Plaintiff has requested that her Florida address not be served.

Ms. Anne Bryant
P.O. Box 418
21 Collaberg Road
Stony Point, NY 10980

                                                                        *s/ Matthew Rochman*