UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANNE BRYANT,

    Plaintiff,

v.   Case No: 8:18-cv-1336-T-36CPT

HASBRO, INC., JOHN AND JANE DOES,
1-12 and ABC CORPORATIONS 1-7,

    Defendants.
_____/

## **O R D E R**

This matter comes before the Court upon Hasbro, Inc.'s Dispositive Motion to Dismiss Plaintiff's Amended Complaint (Doc. 22), and Plaintiff's response thereto (Doc. 28). In the motion, Hasbro, Inc. ("Hasbro") asserts several bases on which the Amended Complaint should be dismissed, including that this Court lacks personal jurisdiction over Hasbro. Plaintiff responds that jurisdiction is conferred by the venue provision of the Employee Retirement Income Security Program, 29 U.S.C. § 502(e) ("ERISA"). The Court, having considered the motion and being fully advised in the premises, will grant the Motion to Dismiss.

## **I.   BACKGROUND**[1]

Plaintiff filed an Amended Complaint against Hasbro, John and Jane Does 1-12, and ABC Corporations 1-7. Doc. 17. Plaintiff seeks to recover unpaid wages under the Fair Labor Standards Act of 1938, 29 U.S.C. § 203 ("FLSA"), as well as residual and secondary market wages, and delinquent pension contributions under ERISA. *Id.* ¶¶ 2-4.

---

[1] The following statement of facts is derived from the Amended Complaint (Doc. 17), the allegations of which the Court must accept as true in ruling on the instant Motion to Dismiss. *Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp. S.A.*, 711 F.2d 989, 994 (11th Cir. 1983).

Plaintiff is an American Composer and Songwriter, a Union Signatory Member-Musician and Vocal Performer, and a Signatory Producer affiliated with the American Federation of Musicians of the United States and Canada, the Screen Actors Guild, and the American Federation of Television and Radio Artists. *Id.* ¶ 10. Plaintiff alleges that Hasbro acquired the exclusive distribution rights to the Entertainment Properties embodying her Music and Masters, but has failed to make requisite payments to her for the use of her work. *Id.* ¶¶ 31-36.

Plaintiff alleges that this Court has jurisdiction over Hasbro because it:

[M]aintains significant presence in Florida, *i.e.*, Hasbro is staffed in Florida; Hasbro's Latin American base appears in Florida; Hasbro has customers in Florida who purchase music and video products in Florida stores, and customers who purchase those products from online stores that deliver the products to them in Florida; Hasbro licenses its properties in Florida, such as for Full Sail University's JEM Music Convention Events, and the TRANSFORMERS (theme park) Exhibition at Universal, Orlando, FL . . . AND

Defendant Hasbro is subject to the Florida Long-Arm Statute . . . .[2]

*Id.* ¶ 9.

Hasbro moved to dismiss the Amended Complaint on several bases, including lack of personal jurisdiction. Doc. 22. Hasbro contends that it is a nonresident over whom Florida does not have general jurisdiction, and that the Amended Complaint does not allege facts sufficient to show that Plaintiff's causes of action arose from any act by Hasbro in Florida. *Id.* at 11-12.

---

[2] Plaintiff cites to various sections of the Florida Long-Arm Statute including "(1)(a), (b), (f)1, (f)2, and (2). Section 48.193—the Florida Long Arm Statute—does contain sections (1)(a), (1)(b), and (2), but does not contain an (f)1 or (f)2. A prior version, which has not been in effect since 2014 contained (f)1 and (f)2, provided that specific jurisdiction existed over persons who "caus[ed] injury to persons or property within [Florida] arising out of an act or omission by the defendant outside this state, if, at or about the time of the injury, either: 1. [t]he defendant was engaged in solicitation or service activities within this state; or 2. [p]roducts, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use." § 48.193(1)(f), Fla. Stat. (2013). Plaintiff does not explain how these out-of-date provisions would grant personal jurisdiction and, therefore, the Court does not further address them.

Plaintiff responded that the Amended Complaint satisfies the minimum contacts requirement and that Florida is proper under ERISA's venue selection clause. Doc. 28 at 5-6.

Because the Court must resolve jurisdictional matters before addressing the merits of a case, this Order is limited to resolution of whether personal jurisdiction has been sufficiently alleged. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) (recognizing that personal jurisdiction is an essential element of jurisdiction and that a federal court is powerless to proceed to adjudication in the absence of such jurisdiction).

## II.   LEGAL STANDARD

Motions to dismiss for lack of personal jurisdiction are governed by Federal Rule of Civil Procedure 12(b)(2).  A court must dismiss an action against a defendant over which it lacks personal jurisdiction. *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1214, n. 6 (11th Cir. 1999). To withstand a motion to dismiss, a plaintiff must plead sufficient facts to establish a *prima facie* case of jurisdiction over the non-resident defendant. *Id*. at 1214.  The district court must accept the facts alleged in the complaint as true, to the extent they are uncontroverted by the defendant's affidavits. *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990).  If the defendant is able to refute personal jurisdiction by sustaining its burden of challenging the plaintiff's allegations through affidavits or other competent evidence, the plaintiff must substantiate its jurisdictional allegations through affidavits, testimony, or other evidence of its own. *Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000).  Where the plaintiff's complaint and the defendant's affidavits conflict, the district court must construe all reasonable inferences in the plaintiff's favor. *Madara*, 916 F.2d at 1514.

The question of whether personal jurisdiction exists over a non-resident defendant is answered through a two-step analysis. *Internet Sol. Corp. v. Marshall*, 557 F.3d 1293, 1295 (11th

Cir. 2009). First, the court must determine whether the plaintiff has alleged sufficient facts to subject the defendant to the forum state's long-arm statute. *Future Tech. Today*, 218 F.3d at 1249. Second, if the court determines that the forum state's long-arm statute has been satisfied, the court must then decide whether the exercise of jurisdiction comports with the Due Process Clause of the Fourteenth Amendment of the United States Constitution. *Id*. The Due Process Clause is satisfied if the defendant has "minimum contacts" with the forum state and "the exercise of . . . jurisdiction over [the] defendant" does not "offend 'traditional notions of fair play and substantial justice.'" *Id.* (quoting *Int'l Shoe v. Washington*, 326 U.S. 310, 316 (1945)).

## III. DISCUSSION

Two types of personal jurisdiction exist: general and specific. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).

"A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Id.* Thus, for corporations, general jurisdiction exists in the equivalent of that corporation's domicile—a place where the corporation is fairly regarded as at home. *Brown*, 564 U.S. at 924. "The 'paradigm' forums in which a corporate defendant is 'at home' . . . are the corporation's place of incorporation and its principal place of business." *BNSF Ry. Co. v. Tyrell*, 137 S. Ct. 1549, 1558 (2017) (quoting *Daimler A.G. v. Bauman*, 571 U.S. 117, 138 (2014)). Nonetheless, general jurisdiction is not limited to such forums and may extend in exceptional cases to a forum where the corporation's operations are "so substantial and of such a nature as to render the corporation at home in that state." *Id.* (quoting *Daimler*, 134 S. Ct. at 761 n.1). Florida's Long-Arm Statute extends to the limits of personal jurisdiction imposed by the Due Process Clause of the Fourteenth

Amendment.  *Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1204 (11th Cir. 2015) (citing 48.193(2), Fla. Stat. (extending jurisdiction to any "defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise . . . .")).

A court may exercise specific jurisdiction only where there is an " 'affiliation[n] between the forum and the underlying controversy,' principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation."  *Brown*, 564 U.S. at 919 (quoting von Mehren & Trautman, Jurisdiction to Adjudicate: A Suggested Analysis, 79 Harv. L.Rev. 1121, 1136 (1966)).  In other words, while general jurisdiction is an "all purpose" variety of jurisdiction, "specific jurisdiction is confined to adjudication of 'issues deriving from, or connected with, the very controversy that establishes jurisdiction.' "  *Id.* (quoting von Mehren & Trautman, Jurisdiction to Adjudicate: A Suggested Analysis, 79 Harv. L.Rev. 1121, 1136 (1966)).

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons."  *Walden v. Fiore*, 571 U.S. 277, 283 (2014) (quoting *Daimler*, 571 U.S. at 125).  The Eleventh Circuit has previously described the application of specific and general jurisdiction over a nonresident under Florida's Long-Arm statute:

> A [nonresident] defendant can be subject to personal jurisdiction under Florida's long-arm statute in two ways: first, section 48.193(1)(a) lists acts that subject a defendant to *specific* personal jurisdiction—that is, jurisdiction over suits that arise out of or relate to a defendant's contacts with Florida, Fla. Stat. § 48.193(1)(a); and second, section 48.193(2) provides that Florida courts may exercise *general* personal jurisdiction—that is, jurisdiction over any claims against a defendant, whether or not they involve the defendant's activities in Florida—if the defendant engages in "substantial and not isolated activity" in Florida, *id.* § 48.193(2).

*Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1203-04 (11th Cir. 2015).

### A.    General Jurisdiction

Plaintiff cites to section 48.193(2) of the Florida Statutes, the statutory provision for general jurisdiction, as a basis for jurisdiction. Doc. 17 ¶ 9. Hasbro, which is incorporated and has its principal place of business in Rhode Island, is a nonresident. Doc. 17 ¶¶ 15, 21; Doc. 22 at 11. Thus, Hasbro's "home" is in Rhode Island. Absent exceptional circumstances that show Hasbro is also at home in Florida, courts in Florida, including this Court, do not have general jurisdiction to adjudicate claims over Hasbro.

Plaintiff alleges that Hasbro "maintains significant presence" in Florida, including employing staff in Florida, having a Latin American base that appears in Florida, having customers in Florida who purchase products in Florida stores, having products purchased online delivered to Florida, and licensing properties in Florida. Doc. 17 ¶ 9.

Courts have previously held that having employees and registering to do business in Florida are not sufficient circumstances to render a corporation at home in Florida for purposes of general jurisdiction. *Hinkle v. Continental Motors, Inc.*, 268 F. Supp. 3d 1312, 1327 (M.D. Fla. 2017). Courts have also held that general jurisdiction is not conferred on a corporation incorporated and with their principal place of business outside the state, even where the corporation had distribution agreements with dealers based in Florida, implemented marketing efforts in Florida, and attended trade shows in Florida. *Caramouche*, 789 F.3d at 1205. Similarly, general jurisdiction has been found to be lacking where a company did business in Florida by maintaining branches and ATM locations and maintaining an agent in Florida to accept service of process. *Lee v. Branch Banking & Tr. Co.*, No. 18-21876-Civ-Scola, 2018 WL 5633995, at *3 (S.D. Fla. Oct. 31, 2018). In short, a high bar exists to make a foreign corporation at home in Florida.

Based on the allegations of the Amended Complaint, Plaintiff has not made a *prima facie* showing that general jurisdiction exists over Hasbro. The allegations do not demonstrate that this is an exceptional case where Hasbro is essentially at home in a state where it is not incorporated and does not have its principal place of business.

### B.     Specific Jurisdiction

Plaintiff also cites to section 48.193(1)(a) of the Florida Statutes as a basis for jurisdiction. Doc. 17 ¶ 9. This provision of the Florida Long-Arm Statute gives the Court jurisdiction over a party who either directly or through an agent operates, conducts, engages in, or carries on a business or business venture in Florida, or has an office or agency within the state. If this requirement is satisfied, this subsection confers "specific" personal jurisdiction for any cause of action "arising from" the activities within the state. Although the term "arising from" is broad, under Florida law there must nevertheless be some " 'direct affiliation,' 'nexus,' or 'substantial connection' " between the cause of action and the activities within the state, *Citicorp Ins. Brokers (Marine) Ltd. v. J.R. Charman*, 635 So. 2d 79, 81 (Fla. 1st DCA 1994). This nexus requirement is often described as "connexity," and must be met before specific jurisdiction will attach under this subsection. *Bloom v. A.H. Pond Co., Inc.*, 519 F. Supp. 1162, 1168 (S.D. Fla. 1981).

Regardless of whether Plaintiff has met the first requirement of showing that Hasbro operates, conducts, engages in, or carries on a business or business venture in Florida, Plaintiff has not met the second requirement of showing connexity. This action arises out of Hasbro's alleged failure to remit various payments for work created by Plaintiff. *See generally* Doc. 17. The Amended Complaint contains no allegations that tie Hasbro's alleged failure to Florida. The allegations regarding Hasbro's activities in Florida all involve general activities without any

specific connection to Plaintiff's causes of action. *Id.* ¶ 9. Accordingly, Plaintiff fails to make a *prima facie* showing of the required connexity for this Court to exercise jurisdiction over Hasbro.

### C. ERISA

Plaintiff cites to ERISA's venue provision as a basis for jurisdiction in her response to the Motion to Dismiss. Doc. 28 at 5-6. This provision provides that:

> Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

29 U.S.C. § 1132(e)(2). Additionally, ERISA provides for nationwide service of process. *Id.*

"Where a defendant has been validly served pursuant to a federal statute's nationwide service of process provision, a district court has personal jurisdiction over the defendant so long as jurisdiction comports with the Fifth Amendment." *Trs. Of the Plumbers & Pipefitters Pension Fund v. Plumbing Servs., Inc.*, 791 F.3d 436, 443 (4th Cir. 2015); *see also Presser v. Union Sec. Ins. Co.*, No. 17-cv-61184-BLOOM/Valle, 2017 WL 4476333, at *2 (S.D. Fla. Oct. 6, 2017) (citing *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 946 (11th Cir. 1997)). Under a Fifth Amendment analysis, "a defendant's contacts with the forum state play no magical role . . . ." *BCCI Holdings*, 119 F.3d at 946. "In order to evaluate whether the Fifth Amendment requirements of fairness and reasonableness have been satisfied, courts should balance the burdens imposed on the individual defendant against the federal interest involved in the litigation." *Id.* "As in other due process inquiries, the balancing seeks to determine if the infringement on individual liberty has been justified sufficiently by reference to important governmental interests." *Id.*

Hasbro contends that ERISA's venue provision is not applicable here because Plaintiff's ERISA claims are not properly asserted against it. Doc. 22 at 10 n.8. Plaintiff cites to three

provisions of ERISA:  section 502, which governs civil enforcement and provides a private right of action for a plan participant or beneficiary; section 510, which relates to an unlawful interference with protected rights under an employee benefit plan; and section 515, which relates to delinquent plan payments.  Hasbro argues that none of these claims are properly asserted against it, and therefore do not provide a basis for jurisdiction, because:  (1) Plaintiff does not specify the ERISA plans or terms pursuant to which she seeks to recover benefits; (2) ERISA claims for unpaid pension benefits under ERISA section 502 may be asserted only against the party that controls administration of the plan, which is not Hasbro; (3) Plaintiff has not alleged an adverse employment action to support her claim under ERISA section 510; (4) Plaintiff does not have standing to bring a claim for delinquent contributions under 29 U.S.C. § 1145 because such claims may be brought only by plan fiduciaries; and (5) Plaintiff's ERISA claims are barred by the doctrine of laches.  *Id.* at 4-9.

Plaintiff claims she is entitled to payment of delinquent pension contributions pursuant to ERISA section 502(a)(3).  Doc. 17 ¶ 4.  The Eleventh Circuit has explained that 29 U.S.C. § 1132(a)(1)(b)[3]—the section of ERISA that allows a participant or beneficiary to file a civil action to recover benefits due to him under the terms of his or her plan, enforce his or her rights under the terms of the plan, or clarify his or her rights to future benefits under the terms of the plan— "confers a right to sue the plan administrator for recovery of benefits."  *Hamilton v. Allen-Bradley Co., Inc.*, 244 F.3d 819, 824 (11th Cir. 2001).  Plaintiff did not allege in the Amended Complaint that Hasbro was the administrator of a plan.  Thus, Plaintiff has not stated an ERISA claim against Hasbro under this section and it cannot provide a basis for personal jurisdiction under ERISA's nationwide service of process provision.

---

[3] ERISA section 502(a) is located at 29 U.S.C. § 1132(a).

Second, Plaintiff cites to ERISA section 510. Doc. 17 ¶ 4. Under this provision, it is "unlawful for any person to discharge, fine suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan . . . . or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan . . . ." 29 U.S.C. § 1140. "In the context of a § 510 claim alleging unlawful discharge, a plaintiff may establish a prima facie case of discrimination by showing (1) that he is entitled to ERISA's protection, (2) was qualified for the position, and (3) was discharged under circumstances that give rise to an inference of discrimination." *Olson v. Dex Imaging, Inc.*, 63 F. Supp. 3d 1353, 1358 (M.D. Fla. 2014) (quoting *Clark v. Coats & Clark, Inc.*, 990 F.2d 1217, 1223 (11th Cir. 1993)). Plaintiff has not alleged that an adverse employment action occurred, that the adverse employment action was regarding a position for which she was qualified, or that such adverse employment action occurred under circumstances that would give rise to an inference of discrimination. Accordingly, she has not stated a claim under ERISA section 510 so as to render ERISA's nationwide service of process provision applicable.

Third, Plaintiff cites to ERISA section 515. Doc. 17 ¶ 2 n.3. This portion of ERISA concerns delinquent contributions and provides that "[e]very employer who is obligated to make contributions to a multiemployer plan . . . shall . . . make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145. However, pursuant to section 502(g), an action to enforce section 1145 and obtain an award for unpaid contributions and interest must be brought by a fiduciary for or on behalf of the plan. 29 U.S.C. § 1132(g); *see also Moore v. Am. Fed'n of Television & Radio Artists*, 216 F.3d 1236, 1245 (11th Cir. 2000). Because of this, only fiduciaries have standing to sue on behalf of a plan for delinquent

contributions. *Id.* at 1246. Beneficiaries do not have standing to bring suit on behalf of the plan for delinquent contribution. *Id.* Plaintiff, therefore, does not have standing to file a claim under ERISA section 515, and this cannot provide a basis for jurisdiction to be conferred under ERISA's nationwide service of process provision.

Plaintiff does not state any valid claim under ERISA against Hasbro. Because of this, ERISA's nationwide service of process provision is inapplicable and cannot serve as a basis for an alternate personal jurisdiction analysis under the Fifth Amendment in lieu of the Fourteenth Amendment. Accordingly, it is

**ORDERED**:

1. Hasbro, Inc.'s Dispositive Motion to Dismiss Plaintiff's Amended Complaint (Doc. 22) is **GRANTED** because Plaintiff did not allege facts sufficient to establish a *prima facie* case of personal jurisdiction over Hasbro.

2. Given Plaintiff's *pro se* status, the Court will give Plaintiff one final opportunity to amend her complaint.[4] Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to file a Second Amended Complaint, which cures the deficiencies addressed in this Order. Failure to file a Second Amended Complaint within the time provided will result in dismissal of this action without further notice.

**DONE AND ORDERED** in Tampa, Florida on May 22, 2019.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any

---

[4] Although Plaintiff filed an amended complaint on September 17, 2018 (Doc. 17), she did so without the benefit of an Order from the Court addressing Hasbro's first motion to dismiss.