UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANNE BRYANT,

    Plaintiff,

v.                                        Case No: 8:18-cv-1336-T-36CPT

HASBRO, INC., JOHN AND JANE DOES,
1-12 and ABC CORPORATIONS 1-7,

    Defendants.
_____/

# **ORDER**

This matter comes before the Court upon the Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 45), and Plaintiff's response thereto (Doc. 47). In the motion, Defendant argues that the Second Amended Complaint should be dismissed for, among other reasons, lack of personal jurisdiction. Doc. 45. The Court, having considered the motion and being fully advised in the premises, will grant Defendant's Motion to Dismiss and dismiss this action with prejudice.

**I.    BACKGROUND**

Plaintiff, Anne Bryant, is a composer and songwriter who arranged, produced, and performed arrangements broadcast by Defendant Hasbro Inc.'s programs. Doc. 43 ¶ 2. Plaintiff filed a Complaint against Defendant alleging claims related to payments for her work and with respect to the funding of Plaintiff's pension. Doc. 1. Defendant moved to dismiss the original Complaint and, in response, Plaintiff filed an Amended Complaint. Docs. 15-17. Defendant moved to dismiss the Amended Complaint for a number of reasons, including lack of personal jurisdiction, and Plaintiff responded in opposition to the motion. Docs. 22, 28. The Court granted the motion to dismiss, finding that Plaintiff did not allege facts in the Amended Complaint that

were sufficient to establish a prima facie case of personal jurisdiction over Defendant. Doc. 40. Given Plaintiff's *pro se* status, the Court granted her a final opportunity to amend her complaint. *Id.*

Plaintiff filed the instant Second Amended Complaint. Doc. 43. In it, Plaintiff alleges that this action is for the collection of "past due wages from domestic and foreign reuse, residuals and secondary market payments, and delinquent Pension contributions . . . , from the defendant . . . , pursuant to the terms provided in the Collective Bargaining Agreements ("CBAs") . . . of the American Federation of Musicians ("AFM") Basic Television Film Agreement of 2002 . . . , and the 2014 SAG-AFTRA Television Agreement." *Id.* ¶ 3 (internal footnote omitted). Plaintiff alleges that the action is filed under sections 502(a)(3)3 and 510 of the Employee Retirement Income Security Act of 1974 ("ERISA"). *Id.* ¶ 5. With respect to jurisdiction, Plaintiff states that specific jurisdiction exists in this Court and relies on the Florida Long Arm Statute, section 48.193(1)(a) of the Florida Statutes. *Id.* ¶ 12.

Plaintiff alleges that she composed music that was used in various Hasbro programs sold in Florida, throughout the United States, and internationally. *Id.* ¶ 16. Plaintiff also alleges that she lives in Florida and receives pension benefits and income in Florida, and that her injury of non-payments and loss of pension benefits is felt in Florida. *Id.* ¶ 17. Additionally, Defendant licenses Master Audio Recordings that are used in audio-visual products in Florida. *Id.* ¶ 24. Products that use the Master Audio Recordings can be purchased by Florida residents from online stores or viewed on television. *Id.* ¶ 25. Plaintiff also alleges that Defendant licenses its properties in Florida, including Full Sail University's JEM Music Convention Events, and a theme park exhibition at Universal, Orlando. *Id.* ¶ 32.

Plaintiff further alleges that Defendant is the parent company for Hasbro International Inc., which has various subsidiaries, including one based in Miami, Hasbro Latin American Inc. *Id.* ¶ 21. The various subsidiaries of Hasbro International Inc. employ approximately 300 employees in West Palm Beach, Jacksonville, and Miami. Additionally, Plaintiff alleges that Defendant is a foreign profit corporation entity registered in Florida, doing business under its own name and through affiliates and subsidiaries in Florida. *Id.* ¶ 30.

Defendant filed the instant Motion to Dismiss raising various arguments, including that this Court lacks jurisdiction over the Defendant. Doc. 45. Because this issue is dispositive, the Court will constrain its analysis to the jurisdictional question.

## II. LEGAL STANDARD

Motions to dismiss for lack of personal jurisdiction are governed by Federal Rule of Civil Procedure 12(b)(2). A court must dismiss an action against a defendant over which it lacks personal jurisdiction. *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1214, n. 6 (11th Cir. 1999). To withstand a motion to dismiss, a plaintiff must plead sufficient facts to establish a *prima facie* case of jurisdiction over the non-resident defendant. *Id*. at 1214. The district court must accept the facts alleged in the complaint as true, to the extent they are uncontroverted by the defendant's affidavits. *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990). If the defendant is able to refute personal jurisdiction by sustaining its burden of challenging the plaintiff's allegations through affidavits or other competent evidence, the plaintiff must substantiate its jurisdictional allegations through affidavits, testimony, or other evidence of its own. *Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000). Where the plaintiff's complaint and the defendant's affidavits conflict, the district court must construe all reasonable inferences in the plaintiff's favor. *Madara*, 916 F.2d at 1514.

The question of whether personal jurisdiction exists over a non-resident defendant is answered through a two-step analysis. *Internet Sol. Corp. v. Marshall*, 557 F.3d 1293, 1295 (11th Cir. 2009). First, the court must determine whether the plaintiff has alleged sufficient facts to subject the defendant to the forum state's long-arm statute. *Future Tech. Today*, 218 F.3d at 1249. Second, if the court determines that the forum state's long-arm statute has been satisfied, the court must then decide whether the exercise of jurisdiction comports with the Due Process Clause of the Fourteenth Amendment of the United States Constitution. *Id*. The Due Process Clause is satisfied if the defendant has "minimum contacts" with the forum state and "the exercise of . . . jurisdiction over [the] defendant" does not "offend 'traditional notions of fair play and substantial justice.' " *Id.* (quoting *Int'l Shoe v. Washington*, 326 U.S. 310, 316 (1945)).

## III.  DISCUSSION

Two types of personal jurisdiction exist: general and specific. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).

"A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Id.* Thus, for corporations, general jurisdiction exists in the equivalent of that corporation's domicile—a place where the corporation is fairly regarded as at home. *Brown*, 564 U.S. at 924. "The 'paradigm' forums in which a corporate defendant is 'at home' . . . are the corporation's place of incorporation and its principal place of business." *BNSF Ry. Co. v. Tyrell*, 137 S. Ct. 1549, 1558 (2017) (quoting *Daimler A.G. v. Bauman*, 571 U.S. 117, 138 (2014)). Nonetheless, general jurisdiction is not limited to such forums and may extend in exceptional cases to a forum where

the corporation's operations are "so substantial and of such a nature as to render the corporation at home in that state." *Id.* (quoting *Daimler*, 134 S. Ct. at 761 n.1).

Florida's Long-Arm Statute extends to the limits of personal jurisdiction imposed by the Due Process Clause of the Fourteenth Amendment. *Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1204 (11th Cir. 2015) (citing 48.193(2), Fla. Stat. (extending jurisdiction to any "defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise . . . .")). With respect to general jurisdiction, the Florida Statutes provide that "[a] defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity." § 48.193(2), Fla. Stat.

A court may exercise specific jurisdiction only where there is an " 'affiliation[n] between the forum and the underlying controversy,' principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Brown*, 564 U.S. at 919 (quoting von Mehren & Trautman, Jurisdiction to Adjudicate: A Suggested Analysis, 79 Harv. L.Rev. 1121, 1136 (1966)). In other words, while general jurisdiction is an "all purpose" variety of jurisdiction, "specific jurisdiction is confined to adjudication of 'issues deriving from, or connected with, the very controversy that establishes jurisdiction.' " *Id.* (quoting von Mehren & Trautman, Jurisdiction to Adjudicate: A Suggested Analysis, 79 Harv. L.Rev. 1121, 1136 (1966)).

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Walden v. Fiore*, 571 U.S. 277, 283 (2014) (quoting *Daimler*, 571 U.S. at 125). The Eleventh Circuit has previously described the application of specific and general jurisdiction over a nonresident under Florida's Long-Arm statute:

> A [nonresident] defendant can be subject to personal jurisdiction under Florida's long-arm statute in two ways: first, section 48.193(1)(a) lists acts that subject a defendant to *specific* personal jurisdiction—that is, jurisdiction over suits that arise out of or relate to a defendant's contacts with Florida, Fla. Stat. § 48.193(1)(a); and second, section 48.193(2) provides that Florida courts may exercise *general* personal jurisdiction—that is, jurisdiction over any claims against a defendant, whether or not they involve the defendant's activities in Florida—if the defendant engages in "substantial and not isolated activity" in Florida, *id.* § 48.193(2).

*Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1203-04 (11th Cir. 2015).

### A. General Jurisdiction

Defendant is incorporated and has its principal place of business in Rhode Island. Doc. 43 ¶ 20; Doc. 45 at 2. Thus, Defendant's "home" is in Rhode Island. *BNSF Ry. Co.*, 137 S. Ct. at 1558. Absent exceptional circumstances that show Defendant is also at home in Florida, courts in Florida, including this Court, do not have general jurisdiction to adjudicate claims over Defendant. *Id.*

Plaintiff attempts to use activities by, and the presence of, Defendant's subsidiaries in Florida to show that Defendant maintains a present in Florida. Doc. 43 ¶¶ 21-22, 24-25, 32-33. Courts have held that activities by a defendant's subsidiaries do not subject the parent company to jurisdiction within the state unless the parent exercises extensive operational control over the subsidiary so as to make it an agent of the parent. *Gadea v. Star Cruises, Ltd.*, 949 So. 2d 1143, 1146 (Fla. 3d DCA 2007) ("A substantial body of Florida law makes clear that it is only where a parent corporation exerts such extensive operational control over a subsidiary that the subsidiary is no more than an agent existing to serve only the parent's needs that jurisdiction over the parent exists. Sharing some officers and directors, having a unified or 'global' strategy and goals, cross-selling promotional materials, and performing services for one another is not sufficient to satisfy that test . . . ."); *see also Meier ex rel. Meier v. Sun Int'l Hotels, Ltd*, 288 F.3d 1264, 1272 (11th Cir. 2002) (stating that "a foreign parent corporation is not subject to the jurisdiction of a forum

state merely because a subsidiary is doing business there," but explaining that where the subsidiary is merely an agent of the parent and conducting the parent's business within the jurisdiction, then the subsidiary's business will be viewed as that of the parent). None of the allegations of the Second Amended Complaint suggest that Defendant controlled its subsidiaries sufficiently to be subject to general jurisdiction in Florida through them.

Additionally, courts have previously held that having employees and registering to do business in Florida are not sufficient circumstances to render a corporation at home in Florida for purposes of general jurisdiction. *Hinkle v. Continental Motors, Inc.*, 268 F. Supp. 3d 1312, 1327 (M.D. Fla. 2017). Accordingly, Plaintiff's allegations that Defendant is a registered Florida corporation is not persuasive with respect to general jurisdiction.

None of the other allegations by Plaintiff show that exceptional circumstances exist to establish general jurisdiction over Defendant. Aside from allegations regarding subsidiaries and registration, Plaintiff alleges that Defendant licenses recordings in Florida, and sells products in Florida, but also alleges that Defendant licenses recordings and sells them throughout the United States and internationally. Doc. 43 ¶¶ 16, 24-25, 32. Additionally, Plaintiff alleges that Defendant licenses properties in Florida. *Id.* ¶ 32.

A review of cases shows that these facts are not exceptional. General jurisdiction is not conferred on a corporation that is incorporated and has its principal place of business outside the state, even where the corporation had distribution agreements with dealers based in Florida, implemented marketing efforts in Florida, and attended trade shows in Florida. *Caramouche*, 789 F.3d at 1205. Similarly, general jurisdiction has been found to be lacking where a company did business in Florida by maintaining branches and ATM locations and maintaining an agent in Florida to accept service of process. *Lee v. Branch Banking & Tr. Co.*, No. 18-21876-Civ-Scola,

2018 WL 5633995, at *3 (S.D. Fla. Oct. 31, 2018). In short, a high bar exists to make a foreign corporation at home in Florida.

Based on the allegations of the Second Amended Complaint, Plaintiff has not made a *prima facie* showing that general jurisdiction exists over Defendant. The allegations do not demonstrate that this is an exceptional case where Defendant is essentially at home in a state where it is not incorporated and does not have its principal place of business.

B. **Specific Jurisdiction**

Plaintiff alleges that specific jurisdiction exists in this case based on three sections of the Florida Long Arm Statute, including that Defendant: (1) operated, conducted, engaged in, or carried on a business or business in this state, or had an office or agency in this state; or (2) caused injury to Plaintiff within this state, which arose out of an act or omission by Defendant outside this state, and which injury occurred while Defendant was engaged in solicitation or service activities within the state; or (3) Defendant manufactured, serviced, or processed products or materials that were used or consumed within the state in the ordinary course of commerce, trade, or use.. Doc. 43 ¶ 33; § 48.193(1)(a)1., 6., Fla. Stat.

With respect to these provisions of the Florida Statutes, if the requirement is satisfied, then courts within Florida have "specific" personal jurisdiction for any cause of action "arising from" the activities within the state. Although the term "arising from" is broad, under Florida law there must nevertheless be some " 'direct affiliation,' 'nexus,' or 'substantial connection' " between the cause of action and the activities within the state, *Citicorp Ins. Brokers (Marine) Ltd. v. J.R. Charman*, 635 So. 2d 79, 81 (Fla. 1st DCA 1994). This nexus requirement is often described as "connexity," and must be met before specific jurisdiction will attach under this subsection. *Bloom v. A.H. Pond Co., Inc.*, 519 F. Supp. 1162, 1168 (S.D. Fla. 1981).

8

The claims of the Second Amended Complaint closely resemble those of the First Amended Complaint, which the Court found to be insufficient to establish specific jurisdiction because Plaintiff relied on general activities by Defendant in Florida, without any specific connection to Plaintiff's causes of action. Doc. 40 at 7-8.

With respect to Defendant operating, conducting, engaging in, or carrying on a business in this state, Plaintiff alleges no facts that any business conducted by Defendant within this state related to her claims for failure to remit payments for work or contribute to Plaintiff's pension. Likewise, Plaintiff does not provide any factual support for the proposition that her claims arise from an injury in this state caused by Defendant through an omission outside the state while (1) Defendant was engaged in solicitation or service activities within the state, or (2) Defendant manufactured, serviced, or processed products or materials consumed within this state in the ordinary course of commerce, trade, or use. Accordingly, Plaintiff fails to make a *prima facie* showing of the required connexity for this Court to exercise jurisdiction over Defendant.

### C. ERISA

Plaintiff raises claims under ERISA, which provides for nationwide service of process. 29 U.S.C. § 1132(e)(2). ERISA provides that:

> Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

*Id.* "Where a defendant has been validly served pursuant to a federal statute's nationwide service of process provision, a district court has personal jurisdiction over the defendant so long as jurisdiction comports with the Fifth Amendment." *Trs. Of the Plumbers & Pipefitters Pension Fund v. Plumbing Servs., Inc.*, 791 F.3d 436, 443 (4th Cir. 2015); *see also Presser v. Union Sec. Ins. Co.*, No. 17-cv-61184-BLOOM/Valle, 2017 WL 4476333, at *2 (S.D. Fla. Oct. 6, 2017)

9

(citing *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 946 (11th Cir. 1997)). Under a Fifth Amendment analysis, "a defendant's contacts with the forum state play no magical role . . . ." *BCCI Holdings*, 119 F.3d at 946. "In order to evaluate whether the Fifth Amendment requirements of fairness and reasonableness have been satisfied, courts should balance the burdens imposed on the individual defendant against the federal interest involved in the litigation." *Id.* "As in other due process inquiries, the balancing seeks to determine if the infringement on individual liberty has been justified sufficiently by reference to important governmental interests." *Id.*

Plaintiff identifies two sections of ERISA under which she claims she is entitled to relief. Doc. 43 ¶ 28. First, Plaintiff alleges a claim under section 510. *Id.* ¶ 7. This section makes it unlawful for an employer to take an adverse employment action against a benefit plan participant "for the purpose of interfering with the attainment of any right to which such participant may be entitled." 29 U.S.C. § 1140. To state a claim under this section, the plaintiff must allege, together with sufficient facts, that he or she was: (1) entitled to ERISA protection; (2) qualified for his or her position; and (3) adversely treated under circumstances that give rise to an inference of discrimination. *Liebman v. Metro. Life Ins. Co.*, 808 F.3d 1294, 1300 (11th Cir. 2015). Indeed, the Court previously identified these elements in its prior Dismissal Order. Doc. 40 at 10. In the Dismissal Order, the Court stated that Plaintiff did not allege any of the elements of a cause of action under this section and dismissed the claim without prejudice. *Id.*

In the Second Amended Complaint, Plaintiff alleges that Defendant discriminated against her by interfering with her rights to wages and to attaining pension benefits. Doc. 43 ¶ 7; *see also* Doc. 47 at 10-12. Plaintiff claims that Defendant lost recording contracts and that the Court may infer from this an intent to violate ERISA. Doc. 43 ¶ 7. Additionally, Plaintiff alleges that she

was the sole woman among men in her position, and none of the men have complained of non-payment. *Id.* None of these allegations are sufficient to show the required elements. The allegations in the Second Amended Complaint have not cured the deficiencies previously noted by the Court. Therefore, the Court will dismiss Plaintiff's claim under ERISA § 510.

Plaintiff also claims that she is entitled to relief under ERISA § 502(a)(3). Doc. 43 at 8. As this Court stated in its prior Dismissal Order, this section allows participants or beneficiaries to sue the plan administrator for the recovery of benefits. Doc. 40 at 9; *Hamilton v. Allen-Bradley Co., Inc.*, 244 F.3d 819, 824 (11th Cir. 2001); *see also Atherley v. United Healthcare of Fla., Inc.*, No. 2:17-cv-332-FtM-99CM, 2017 WL 5157843, at *2 (M.D. Fla. Nov. 7, 2017) (recognizing that a claim under section 502 must be brought against the administrator). As with the previous complaint, Plaintiff has not alleged that Defendant is the plan administrator. Accordingly, Plaintiff failed to state a claim under ERISA § 502(a)(3) against Defendant and this claim will be dismissed.

Plaintiff has not stated a claim under either identified sections of ERISA. Nor can the Court otherwise discern any viable ERISA claim against Defendant. "[A] plaintiff who brings a claim for benefits under ERISA must identify a specific plan term that confers the benefit in question." *Sanctuary Surgical Ctr., Inc. v. UnitedHealth Grp., Inc.*, No. 10-81589-CIV, 2013 WL 149356, at *3 (S.D. Fla. Jan. 14, 2013) (quoting *Stewart v. Nat'l Educ. Assn.*, 404 F. Supp. 2d 122, 130 (D.D.C. 2005)). The failure to do so results in a failure to state a claim under ERISA. *Id.* at *6.

Here, Plaintiff failed to identify the ERISA plan terms that entitle her to benefits that she is not receiving. Plaintiff contends that she is entitled to pension contributions from Defendant pursuant to various agreements, but does not identify any plan terms that would entitle her to benefits. Doc. 43 at 2-3. For example, Plaintiff submits a copy of the Introduction to The

American Federation of Musicians and Employers' Pension Plan, but the Court cannot locate, nor does Plaintiff identify, any relevant provisions. In response to this argument, Plaintiff simply points to the attachments to the Second Amended Complaint and generally alleges that "ERISA plan terms and definitions in connection to Plaintiff's claim abound in the Second Amended Complaint and exhibits attached thereto . . . ." Doc. 47 at 8. Accordingly, Plaintiff has failed to state any claim under ERISA. *Sanctuary Surgical Ctr., Inc.*, 2013 WL 149356, at *3; *see also Gould v. Univ. of Miami*, No. 16-25233-CIV, 2017 WL 4155479, at *8 (S.D. Fla. Sept. 19, 2017) (dismissing ERISA claim where the plaintiff's allegations were vague and haphazard with respect to the plaintiff's entitlement to participate in various plans).

Because Plaintiff cannot state a claim against Defendant under ERISA, its nationwide service of process provision does not apply in this action. Accordingly, Plaintiff has not shown that any basis exists on which this Court may exercise jurisdiction over Defendant.

Accordingly, it is **ORDERED**:

1. Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 45) is **GRANTED**. This action is dismissed for lack of personal jurisdiction over Defendant.

2. The Clerk is directed to terminate all pending deadlines and motions and **CLOSE** this case.

**DONE AND ORDERED** in Tampa, Florida on January 15, 2020.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any