UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANNE BRYANT,

    Plaintiff,

v.                                                                      Case No: 8:18-cv-1336-T-36CPT

HASBRO, INC., JOHN AND JANE DOES,
1-12 and ABC CORPORATIONS 1-7,

    Defendants.
_____/

# **ORDER**

This matter comes before the Court upon the Plaintiff's Motion for Reconsideration of Order (Doc. 57), and Defendant's response thereto (Doc. 58). In the motion, Plaintiff requests that this Court reconsider its Order dismissing the Second Amended Complaint. Doc. 57. The Court, having considered the motion and being fully advised in the premises, will deny Plaintiff's Motion for Reconsideration of Order.

**I.    BACKGROUND**

Plaintiff, Anne Bryant, is a composer and songwriter who arranged, produced, and performed arrangements broadcast by Defendant Hasbro Inc.'s programs. Doc. 43 ¶ 2. Plaintiff filed a Complaint against Defendant alleging claims related to payments for her work and with respect to the funding of Plaintiff's pension. Doc. 1. Defendant moved to dismiss the original Complaint and, in response, Plaintiff filed an Amended Complaint. Docs. 15-17. Defendant moved to dismiss the Amended Complaint for a number of reasons, including lack of personal jurisdiction, and Plaintiff responded in opposition to the motion. Docs. 22, 28. The Court granted the motion to dismiss, finding that Plaintiff did not allege facts in the Amended Complaint that were sufficient to establish a prima facie case of personal jurisdiction over Defendant. Doc. 40.

Given Plaintiff's *pro se* status, the Court granted her a final opportunity to amend her complaint. *Id.*

Plaintiff filed a Second Amended Complaint that Defendant also moved to dismiss on the basis of a lack of personal jurisdiction. Docs. 43, 45, 56. The Court again found that Plaintiff had not established that this Court had the authority to exercise personal jurisdiction over Defendant. Doc. 56. As part of that Order, the Court found that Plaintiff did not state a claim for relief against Defendant under ERISA, and could not benefit from the statute's nationwide service of process provision. *Id.* at 9-12. Accordingly, the Court dismissed this action.

Plaintiff moves for reconsideration of the dismissal. Doc. 57. In the Motion for Reconsideration, Plaintiff reiterates allegations contained in the Second Amended Complaint and her response to Defendant's Motion to Dismiss the Second Amended Complaint. *Id.* at 2-3. Plaintiff further contends that access to discovery would provide documents that would enable her to clarify her claims. *Id.* at 4.

## II. LEGAL STANDARD

Plaintiff's Motion for Reconsideration is governed by Rule 60(b) of the Federal Rules of Civil Procedure, which allows a party to seek relief from a final judgment. *See Sussman v. Salem, Saxon, & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D.Fla.1994). Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;

  (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

  (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). There are three major recognized justifications for reconsideration: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or to prevent manifest injustice." *Sussman*, 153 F.R.D. at 694.

  Additionally, this Court has explained that "reconsideration of a previous order is an extraordinary remedy to be employed sparingly." *Id.* "A motion to reconsider is not a vehicle for rehashing arguments the Court has already rejected" and should be applied with finality and with conservation of judicial resources in mind. *Lamar Advertising of Mobile, Inc. v. City of Lakeland*, 189 F.R.D. 480, 490 (M.D.Fla.1999).

## III. DISCUSSION

  Plaintiff does not establish the requirements for reconsideration of a final order. Plaintiff does not identify an intervening change in controlling law, identify new evidence, show a clear error that must be corrected, or demonstrate that reconsideration is required to prevent manifest injustice. *Sussman*, 153 F.R.D. at 694. Plaintiff does no more than reargue matters already considered and ruled on by the Court. *Lamar Advertising*, 189 F.R.D. at 490. The Court will not address the merits of Plaintiff's claims under ERISA for a third time.

  To the extent that Plaintiff presents the new argument that discovery would allow her to allege a basis for exercising jurisdiction over Defendant, the Court does not allow access to discovery to allow a party to engage in a fishing expedition in the hopes of producing evidence of personal jurisdiction. *Atlantis Hydroponics, Inc. v. Int'l Growers Supply, Inc.*, 915 F. Supp. 2d 1365, 1380 (N.D. Ga. 2013). Plaintiff has not provided any reason that the Court should allow

this case to continue in the hopes that she might discover a basis for the Court to exercise jurisdiction over Defendant. Accordingly, it is

**ORDERED**:

1. Plaintiff's Motion for Reconsideration of Order (Doc. 57) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on March 23, 2020.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any